**Raymond WALKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–87–00235–CR.**

Court of Appeals of Texas, San Antonio.

Dec. 5, 1988.

---

R. Norvell Graham, Jr., San Antonio, for appellant.

Fred G. Rodriguez, Beth Taylor, Ilse D. Bailey–Graham, Michael L. Gebhart, Crim. Dist. Attys. San Antonio, for appellee.

Before BUTTS, CANTU and REEVES, JJ.

OPINION

BUTTS, Justice.

Our previous opinion is withdrawn. In light of the reasoned brief of the State's Attorney on petition for discretionary review, we have reconsidered the majority opinion previously delivered and substitute this opinion in its stead. TEX.R.APP.P. 101.

This is an appeal from an order of revocation of probation. Appellant was originally charged by indictment with aggravated assault by using a deadly weapon. He entered a plea of guilty to a misdemeanor assault offense and was placed on probation. Subsequently, he was charged with driving while intoxicated; a motion to revoke probation was filed. The DWI charge was dismissed for a Speedy Trial Act violation. In spite of the dismissal of that case, appellant's probation was revoked.

On appeal from the revocation appellant argues two points: that his revocation of probation cannot stand because the offense to which he pleaded cannot be a lesser included offense of the original offense charged by the indictment, therefore, the revocation order is based on a void conviction. Second, since the DWI offense had been dismissed, the trial court had no authority to revoke probation based on a dismissed charge.

We do not agree with the second contention and will address it first. It is not necessary that a probationer be convicted of the offense for which his probation is revoked. This is not a defense to revocation. *See, Vaughn v. State,* 608 S.W.2d 237, 238 (Tex.Crim.App.1980); *McDonald v. State,* 608 S.W.2d 192, 199 (Tex.Crim. App.1980). Further, the burden of proof to sustain revocation of probation is by a preponderance of the evidence. *Battle v. State,* 571 S.W.2d 20, 22 (Tex.Crim.App. 1978); *Scamardo v. State,* 517 S.W.2d 293, 298 (Tex.Crim.App.1975).

Therefore, the trial court had the authority to revoke appellant's probation even though the underlying offense had

been dismissed and there was no final conviction. The second point is overruled.

We address the first point of error: that appellant was convicted of an offense which was not a lesser included offense of the offense charged in the indictment, TEX.CODE CRIM.PROC.ANN. art. 37.09 (Vernon 1981); therefore, the conviction is void.

Appellant argues that proof of bodily injury precludes as a lesser included offense assault as defined in section 22.-02(a)(4). He says the only assault that can be a lesser included offense to the offense charged in the indictment is assault committed by intentionally or knowingly *threatening* another with imminent bodily injury, TEX.PENAL CODE ANN. § 22.01(a)(2). *See, Benjamin v. State,* 621 S.W.2d 617, 619 (Tex.Crim.App.1981); *Mitchell v. State,* 543 S.W.2d 637, 638 (Tex. Crim.App.1976). Although these cases are *direct appeals,* discussions of lesser included offenses are illuminating.

■ The present case is a collateral attack. In a revocation proceeding a defendant cannot successfully attack the judgment on the ground that the underlying conviction is not supported by sufficient evidence. *See Traylor v. State,* 561 S.W.2d 492 (Tex.Crim.App.1978). This constitutes a collateral attack upon the sufficiency of the evidence to sustain the conviction from which no appeal was taken at the time probation was granted. *Id.* at 494. *Accord, Ex parte Williams,* 703 S.W.2d 674 (Tex.Crim.App.1986). Thus, appellant may not argue at this time that there was insufficient evidence to support the conviction.

By entering a plea of guilty in a misdemeanor case, as did appellant, the defendant admits every element of the offense charged. Moreover, where the plea of guilty in a misdemeanor case is before the court, the trial court is not required to hear evidence on a plea of guilty. *Brown v. State,* 507 S.W.2d 235, 238 (Tex.Crim.App. 1974).

■ The issue is whether the trial court had jurisdiction to convict appellant of assault by causing bodily injury as a lesser included offense under an indictment charging the offense of aggravated assault, threats by using deadly weapon. If it is not a lesser included offense, the conviction for assault causing bodily injury would be a nullity. *Houston v. State,* 556 S.W.2d 345, 346–47 (Tex.Crim.App.1977).

The indictment in the present case averred, in part, that on or about the

20th day of January, A.D., 1985, Raymond Walker did then and there use a Handgun as a deadly weapon, to intentionally threaten imminent bodily injury to Jesse Hinojosa, *by pointing the handgun at him and threatening to kill him.* (emphasis added)

TEX.CODE CRIM.PROC.ANN. art. 37.-09 (Vernon 1981) provides that

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

In *Martinez v. State,* 599 S.W.2d 622, 624 (Tex.Crim.App.1980) it is written:

A given section of our Penal Code may define more than one way in which an offense has been committed. An allegation that the offense has been committed in one way may include a lesser offense, while an allegation that the offense was committed in another way would not include the lesser offense. For example, robbery may be committed either by *causing bodily injury* or by *threatening imminent bodily injury.* TEX.PENAL CODE ANN. § 29.02(a) (Vernon 1974). Each of these forms of robbery includes, as a lesser offense, a form of assault

that the other does not include. An allegation of robbery by threat includes the lesser offense of assault by threat; it does not include the offense of assault by causing bodily injury. *Mitchell v. State,* 543 S.W.2d 637 (Tex.Crim.App. 1976). Conversely, an allegation of robbery by causing bodily injury would include the lesser offense of assault by causing bodily injury, but it would not include the offense of assault by threats. *See also Campbell v. State,* 571 S.W.2d 161 (Tex.Crim.App.1978).

The original indictment charged appellant with the offense of intentionally and knowingly threatening another by using a deadly weapon. TEX.PENAL CODE ANN. § 22.02(a)(4) (Vernon Supp.1988). The elements of the offense to be proved were that (1) the appellant 2) intentionally or knowingly (3) threatened another with imminent bodily injury (4) by using a deadly weapon [a gun]. At trial appellant entered a plea of guilty to the misdemeanor offense of assault which caused a bodily injury. TEX.PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp.1988). The proof required to sustain the conviction for that lesser offense was that (1) the appellant (2) intentionally, knowingly, or recklessly (3) caused bodily injury to another.

Section 22.02(a), *supra,* provides four different ways of committing aggravated assault. We are concerned in this case with (1) and (4).

(1) provides that a person who commits assault commits aggravated assault by causing serious bodily injury to another, including the person's spouse. (4) provides that a person who commits assault commits aggravated assault by using a deadly weapon.

Under art. 37.09(1), *supra,* the offense for which appellant was convicted (assault by causing bodily injury) is a lesser included offense of aggravated assault as charged in the indictment (using a deadly weapon) only if it can be established by proof of the same or less than all the facts required to establish commission of the offense charged. *Bell v. State,* 693 S.W.2d

434, 436 (Tex.Crim.App.1985) recognizes that an allegation *alone* may preclude application of a lesser offense, citing *Martinez, supra.*

In this case the allegation of *causing bodily injury* required proof of an additional fact, which is an essential element of the offense of assault as defined in section 22.01(a)(1), *supra.* However, had appellant pleaded to committing assault as defined in section 22.01(a)(2), *supra,* no additional fact would be necessary to the proof. An offense is committed if the person intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse. Without question section 22.-01(a)(2) would have been a proper lesser included offense of aggravated assault as charged in the instant indictment.

We hold that the offense of assault by causing bodily injury is not a lesser included offense under the indictment charging the commission of the offense of aggravated assault by using a deadly weapon. The court was therefore without jurisdiction to convict appellant for that lesser offense. *See Houston v. State,* 556 S.W.2d at 347. In the absence of jurisdiction, the judgment of conviction was a nullity.[1]

The judgment is reversed and ordered dismissed.

---

**1.** Jeopardy does not attach as a result of the trial and judgment.