NO. 07-07-0204-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 12, 2008

______________________________


RICKY DON HENDERSON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 07-02-6355; HON. HAROLD PHELAN, PRESIDING

_______________________________

Before CAMPBELL and HANCOCK, JJ. and BOYD, S.J.



          Presenting one point of alleged error, appellant Ricky Don Henderson seeks
reversal of his conviction for possession of certain chemicals with the intent to manufacture
a controlled substance.


 The punishment was assessed by the jury at fifty years
confinement in the Institutional Division of the Department of Criminal Justice. In his point,
appellant argues that the trial court erred in failing to charge the jury on possession of a
controlled substance, which, he contends, was a lesser-included offense under the State’s
evidence. Disagreeing that error is shown, we affirm the judgment of the trial court.
          The record reflects that a Department of Public Safety (DPS) trooper arrested
appellant for eluding or evading a police officer after appellant failed to stop his vehicle
when signaled to do so after an alleged speeding violation. A search of appellant’s vehicle
produced, inter alia, four empty boxes of over-the-counter medications containing
pseudoephedrine, a full box of an over-the-counter medication containing
pseudoephedrine, a silver spoon with white residue, another spoon , a Q-tip, a paper towel,
small plastic bags, a straw, two syringe caps, a Pyrex dish containing a “red-pinkish”
residue, two glass jars containing a residue, aquarium air pumps, starter fluid, lighter fluid,
a lithium battery, coffee filters, a funnel, tubing, digital scales containing a white residue,
ammonium sulfate fertilizer, and rock salt. A DPS laboratory analysis indicated the white
residue on the spoon and inside the two jars was methamphetamine. Also, the laboratory
analysis showed the residue on the Pyrex dish was pseudoephedrine. The collective
weight of the methamphetamine residue found on the spoon and jars approximated 0.05
grams.
An offense is a lesser-included offense if:
(1) it is established by proof of the same or less than all the facts required to
establish the commission of the offense charged;
 
(2) it differs from the offense charged only in the respect that a less serious
injury or risk of injury to the same person, property, or public interest suffices
to establish its commission;
 
(3) it differs from the offense charged only in the respect that a less culpable
mental state suffices to establish its commission; or
 
(4) it consists of an attempt to commit the offense charged or an otherwise
included offense.
 
Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006).
          To be entitled to a lesser-included offense charge, a defendant must meet a two-pronged test. First, the lesser-included offense must be included within the proof
necessary to establish the charged offense, and second, the record must contain some
evidence that if the defendant is guilty, he is only guilty of the lesser-included offense. 
Rousseau v. State, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); Royster v. State, 622
S.W.2d 442, 446 (Tex. Crim. App. 1981). Credibility of the evidence and whether it
conflicts with other evidence is not to be considered in making the determination whether
the jury should be charged with a lesser-included offense. Paz v. State, 44 S.W.3d 98,
100 (Tex. App.–Houston [14th Dist.] 2001, pet. ref’d, untimely filed).
          The first prong of the Rousseau test requires that we compare the elements of the
offense alleged in the charging instrument with the elements of the potential lesser-included offense. Hall v. State, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007). To prove
unlawful possession of a controlled substance, the State must prove: 1) the accused
exercised control, management, or care over the substance; and 2) the accused knew the
matter possessed was contraband. Poindexter v. State, 153 S.W. 3d 402, 405 (Tex. Crim.
App. 2005).
          On the other hand, to prove unlawful possession of a chemical precursor with intent
to manufacture methamphetamine, the evidence must show that: 1) the accused, 2) with
intent to unlawfully manufacture a controlled substance (methamphetamine), 3) possessed
or transported, 4) a chemical precursor (pseudoephedrine).


 Tex. Health & Safety Code
Ann. §481.124 (a)(2) (Vernon Supp. 2007).
          An offense cannot be a lesser-included offense if it requires proof of an additional
element not required for the greater offense. See Walker v. State, 761 S.W.2d 572, 575
(Tex. App.–San Antonio 1988, pet. dism’d). Here, the indicted offense and the offense of
possession of a controlled substance, on their face, constitute two separate statutory
offenses as each requires proof of a fact not required by the other. To commit the offense
for which appellant was indicted, it was not necessary that the State prove appellant
knowingly possessed a controlled substance inasmuch as a chemical precursor is not a
controlled substance.


 The offense of possession of a controlled substance does not
require proof of an intent to manufacture a controlled substance. That being so,
possession of a controlled substance is not a lesser-included offense in the underlying
prosecution, and the trial court did not err in refusing to charge on it.
          Appellant’s point of error is overruled, and the judgment of the trial court is affirmed. 
 
                                                                           John T. Boyd
                                                                          Senior Justice
Do not publish.