NO. 07-07-0204-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 12, 2008

_____

RICKY DON HENDERSON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 07-02-6355; HON. HAROLD PHELAN, PRESIDING

_____

Before CAMPBELL and HANCOCK, JJ. and BOYD, S.J.[1]

Presenting one point of alleged error, appellant Ricky Don Henderson seeks reversal of his conviction for possession of certain chemicals with the intent to manufacture a controlled substance.[2] The punishment was assessed by the jury at fifty years confinement in the Institutional Division of the Department of Criminal Justice. In his point, appellant argues that the trial court erred in failing to charge the jury on possession of a

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2008).

[2]Tex. Health and Safety Code Ann. §481.124 (a)(2) (Vernon Supp. 2007)

controlled substance, which, he contends, was a lesser-included offense under the State's evidence. Disagreeing that error is shown, we affirm the judgment of the trial court.

The record reflects that a Department of Public Safety (DPS) trooper arrested appellant for eluding or evading a police officer after appellant failed to stop his vehicle when signaled to do so after an alleged speeding violation. A search of appellant's vehicle produced, *inter alia*, four empty boxes of over-the-counter medications containing pseudoephedrine*,* a full box of an over-the-counter medication containing pseudoephedrine*,* a silver spoon with white residue, another spoon , a Q-tip, a paper towel, small plastic bags, a straw, two syringe caps, a Pyrex dish containing a "red-pinkish" residue, two glass jars containing a residue, aquarium air pumps, starter fluid, lighter fluid, a lithium battery, coffee filters, a funnel, tubing, digital scales containing a white residue, ammonium sulfate fertilizer, and rock salt. A DPS laboratory analysis indicated the white residue on the spoon and inside the two jars was methamphetamine. Also, the laboratory analysis showed the residue on the Pyrex dish was pseudoephedrine*.* The collective weight of the methamphetamine residue found on the spoon and jars approximated 0.05 grams.

An offense is a lesser-included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish  its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

2

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006).

To be entitled to a lesser-included offense charge, a defendant must meet a two-pronged test. First, the lesser-included offense must be included within the proof necessary to establish the charged offense, and second, the record must contain some evidence that if the defendant is guilty, he is only guilty of the lesser-included offense. *Rousseau v. State,* 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); *Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981). Credibility of the evidence and whether it conflicts with other evidence is not to be considered in making the determination whether the jury should be charged with a lesser-included offense. *Paz v. State*, 44 S.W.3d 98, 100 (Tex. App.–Houston [14th Dist.] 2001, pet. ref'd, untimely filed).

The first prong of the *Rousseau* test requires that we compare the elements of the offense alleged in the charging instrument with the elements of the potential lesser-included offense. *Hall v. State*, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007). To prove unlawful possession of a controlled substance, the State must prove: 1) the accused exercised control, management, or care over the substance; and 2) the accused knew the matter possessed was contraband. *Poindexter v. State*, 153 S.W. 3d 402, 405 (Tex. Crim. App. 2005).

On the other hand, to prove unlawful possession of a chemical precursor with intent to manufacture methamphetamine, the evidence must show that: 1) the accused, 2) with intent to unlawfully manufacture a controlled substance (methamphetamine), 3) possessed

or transported, 4) a chemical precursor (pseudoephedrine).[3] Tex. Health & Safety Code Ann. §481.124 (a)(2) (Vernon Supp. 2007).

An offense cannot be a lesser-included offense if it requires proof of an additional element not required for the greater offense. *See Walker v. State*, 761 S.W.2d 572, 575 (Tex. App.–San Antonio 1988, pet. dism'd). Here, the indicted offense and the offense of possession of a controlled substance, on their face, constitute two separate statutory offenses as each requires proof of a fact not required by the other. To commit the offense for which appellant was indicted, it was not necessary that the State prove appellant knowingly possessed a controlled substance inasmuch as a chemical precursor is not a controlled substance.[4] The offense of possession of a controlled substance does not require proof of an intent to manufacture a controlled substance. That being so, possession of a controlled substance is not a lesser-included offense in the underlying prosecution, and the trial court did not err in refusing to charge on it.

Appellant's point of error is overruled, and the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice

Do not publish.

---

[3]"Chemical precusor" *inter alia* means pseudoephedrine. Tex. Health & Safety Code Ann. §481.002(51)(O) (Vernon Supp. 2007).

[4]"Controlled substance" means a substance, including a drug, an adulterant, and a dilutant, listed in Schedules I through V or Penalty Groups 1, 1-A, or 2 through 4." Tex. Health & Safety Code Ann. §481.002(5) (Vernon Supp. 2007).

4