**Jesus Jaime MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58944.**

Court of Criminal Appeals of Texas, Panel No. 1.

June 4, 1980.

Richard S. Talbert, Weslaco, for appellant.

Rene A. Guerra, Asst. Dist. Atty., Edinburg, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DALLY and ROBERTS, JJ.

OPINION

ROBERTS, Judge.

A jury found the appellant guilty of indecency with a child, a felony of the third

---

degree.[1] The court assessed a punishment of three years' confinement.

The appellant was indicted for sexual abuse of a child, a felony of the second degree.[2] The indictment alleged that on or about April 26, 1976, he "did then and there with intent to arouse and gratify the sexual desire of the said JESUS JAIME MARTINEZ engage in deviate sexual intercourse by then and there placing his genitals in contact with the mouth of [a certain person], a male child younger than 17 years of age; . . . ."

The court's charge first authorized the jury to convict for the offense alleged in the indictment. It then went on to charge the jury:

"If you do not so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of Sexual Abuse of a Child and next consider whether he is quilty [sic] of the lesser included offense of Indecency with a Child.

### IV.

"A person commits the offense of Indecency with a Child if he intentionally engages in sexual contact with a child who is younger than 17 years and not his spouse, whether the child is of the same or opposite sex or exposes any part of his genitals knowing the child is present with intent to arouse or gratify the sexual desire of any person.

### V.

"So that you may better understand the nature of the offense with which the defendant is charged, I now define certain terms and words.

1. "A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:
   "(1) engages in sexual contact with the child; or
   "(2) exposes his anus or any part of his genitals, knowing the child is present, with intent to arouse or gratify the sexual desire of any person."

"The term 'sexual contact' means *any touching of the anus* or any part of the genitals of another person or the breast of a female 10 years or older with the intent to arouse or gratify the sexual desire of any person.

[Definitions of "intentionally" and "knowingly" omitted.]

### VI.

"Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, JESUS JAIME MARTINEZ, did, in Hidalgo County, Texas, on or about the 26th day of April, 1976, intentionally engage in sexual contact with [a certain person] who was then and there a child younger than 17 years, and not the defendant's spouse, *by rubbing the defendant's penis against the anus of [the certain person]*, or by exposing his genitals to the said [person] knowing the child was present, with intent to arouse or gratify the sexual desire of JESUS JAIME MARTINEZ, you will find the defendant guilty of the lesser included offense of Indecency with a Child. If you do not so believe, or if you have a reasonable doubt thereof, *you will find the defendant not guilty.*" [Emphasis supplied]

By its verdict the jury acquitted the appellant of sexual abuse of a child, but convicted him of the "lesser included" offense of indecency with a child. The appellant did not object to the charge on indecency with a child, but he now complains that it was fundamentally defective. We must agree. The trial court authorized conviction for conduct which was not a lesser included offense of the offense that was alleged.

---

1. V.T.C.A., Penal Code, Sec. 21.11(a).

2. "A person commits an offense if, with intent to arouse or gratify the sexual desire of any person, he engages in deviate sexual intercourse with a child, not his spouse, whether the child is of the same or opposite sex, and the child is younger than 17 years."
V.T.C.A., Penal Code, Sec. 21.10(a).

"In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense."

V.A.C.C.P., Art. 37.08.

"An offense is a lesser included offense if:

"(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

"(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

"(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

"(4) it consists of an attempt to commit the offense charged or an otherwise included offense."

V.A.C.C.P., Art. 37.09.

A given section of our Penal Code may define more than one way in which an offense can be committed. An allegation that the offense has been committed in one way may include a lesser offense, while an allegation that the offense was committed in another way would not include the lesser offense. For example, robbery may be committed either by *causing* bodily injury or by *threatening* imminent bodily injury. V.T.C.A., Penal Code, Sec. 29.02(a). Each of these forms of robbery includes, as a lesser offense, a form of assault that the other does not include. An allegation of robbery by threat includes the lesser offense of assault by threat; it does not include the offense of assault by causing bodily injury. *Mitchell v. State*, 543 S.W.2d 637 (Tex.Cr.App.1976). Conversely, an allegation of robbery by causing bodily injury would include the lesser offense of assault by causing bodily injury, but it would not

include the offense of assault by threats. See also *Campbell v. State*, 571 S.W.2d 161 (Tex.Cr.App.1978).

Sexual abuse of a child may be committed by contact between the genitals of one person and the mouth *or* the anus of another person. See V.T.C.A., Penal Code, Secs. 21.10(a) & 21.01(1). The indictment in this case alleged sexual abuse by contact between the appellant's genitals and the *mouth* of another person. This allegation does not include the offense of contact between the appellant's penis and the *anus* of another person.[3] The latter conduct is not "established by proof of the same or less than all the facts required to establish the commission of the offense charged"; V.A.C.C.P., Art. 37.09(1). It could only be established by proof of different facts. None of the other tests of a lesser included offense is met. The trial court authorized the jury, in violation of V.A.C.C.P., Art. 37.08, to convict for an offense which was neither alleged in the indictment nor included within the alleged offense. There must be a new trial.

The judgment is reversed and the cause is remanded.

---

3. It may be noted that that conduct itself would amount to the greater offense of sexual abuse, since the conduct was "deviate sexual intercourse" as well as "sexual contact." Cf. V.T.

C.A., Penal Code, Secs. 21.01(1) & (2). The State could have indicted the appellant for that form of the offense, but it did not.