TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00535-CR







Son Ae Gang, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY


NO. 45,442, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING








 A jury convicted appellant of prostitution. See Tex. Penal Code Ann. § 43.02
(a)(1) (West 1994). The Court assessed her sentence at a fine of $400.00 and confinement in the
Hays County Jail for 180 days. The jail time was probated for one year.

 In two points of error, appellant contends that (1) the evidence is insufficient to
support the conviction, and (2) the trial court erred by not granting the motion for new trial based
on alleged perjury by the arresting officer. We will overrule the points of error and affirm the
judgment of conviction.


Legal Sufficiency of the Evidence

 Appellant's first point of error challenges the legal sufficiency of the evidence. The
standard for reviewing the legal sufficiency of the evidence is whether, after viewing the evidence
in the light most favorable to the verdict, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19
(1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex. Crim. App. 1991); Griffin v. State, 614
S.W.2d 155, 159 (Tex. Crim. App. 1981). The evidence and all reasonable inferences drawn
from it are to be viewed in this light most favorable to the jury's verdict. See Alvarado v. State,
912 S.W.2d 199, 207 (Tex. Crim. App. 1995).

 A person commits the offense of prostitution if he or she knowingly offers, agrees,
or engages in sexual conduct for a fee. This is a Class B misdemeanor. Penal Code § 43.02. 
Sexual conduct is defined to include deviate sexual intercourse, sexual contact, and sexual
intercourse. Penal Code § 43.01(4).

 Other relevant definitions are: "'Deviate sexual intercourse' means any contact
between the genitals of one person and the mouth or anus of another person." Penal Code
§ 43.01(1). "'Sexual contact' means any touching of the anus, breast, or any part of the genitals
of another person with intent to arouse or gratify the sexual desire of any person." Penal Code
§ 43.01(3).

 The information in this case charged that appellant did "knowingly engage and offer
and agree to engage in sexual conduct, namely sexual contact with another for a fee . . . ." The
evidence, viewed in the light most favorable to the verdict, showed that Sergeant John McGuire
of the Hays County Sheriff's Department participated in an undercover investigation of suspected
prostitution at a business named "Tokyo Tan," on November 3, 1995. He wore a concealed wire
transmitter which recorded his conversations with the woman in charge of the business, Ms.
Chong, and appellant. Other officers were in a van near the business monitoring the
transmissions. McGuire went into the tanning salon and was first met by Ms. Chong. He
negotiated an agreement for oral sex for a fee of $80.00. Ms. Chong did not take the money, but
directed him to a room with a bed in it. Shortly thereafter, appellant entered and collected the
$80.00. (1) Appellant left briefly and returned wearing a black strapless mini-dress. She directed
McGuire to take down his trousers and underwear and to lie down on the bed. She then wiped
his penis with a damp towel and touched his genital area with her hands in an arousing manner. 
Just as she placed his penis in her mouth, McGuire gave a signal for the other officers to enter the
establishment and he told appellant that he was an officer and that she was under arrest for
prostitution. 

 Appellant's argument on this point is confused and unclear. She contends that the
offense alleged in the indictment and submitted to the jury in the charge is different from the
offense proved. She argues that she contracted to perform "deviate sexual intercourse" by placing
her mouth on the officer's genitals. (2) Her complaint is that the State only alleged and proved
"sexual contact" (touching of the officer's genitals with intent to arouse). She argues that "sexual
contact" could not have been intended by the legislature to include touching of the genitals with
the mouth because this latter sort of touching is included under a different definition of sexual
conduct, "deviate sexual intercourse." This argument tacitly acknowledges that "any touching"
logically includes touching with the mouth. The argument is that the rules of statutory
construction presume that a statute is to be effective in its entirety. Appellant relies on the Texas
Code Construction Act for this proposition. See Tex. Govt. Code Ann. § 311.021(2) (West
1998). Appellant contends that if the touching involved in "sexual contact" is interpreted to
include touching with the mouth, this would make the definition of "deviate sexual intercourse"
useless because the same conduct could be interpreted to come within both definitions. Appellant
cites no relevant authority to support her position, and she fails to note the significant difference
between the definitions of sexual contact and deviate sexual intercourse. Sexual contact requires
proof that the touching was done with the specific culpable mental element of "intent to arouse or
gratify the sexual desire of any person." Penal Code § 43.01(3). In contrast, proof of prostitution
by engaging in deviate sexual intercourse is sufficient if the evidence shows that the actor
knowingly made "any contact between the genitals of one person and the mouth or anus of
another." Penal Code § 43.01(1). There would be no necessity for the State to prove an "intent
to arouse or gratify" if the State had chosen to charge appellant with prostitution by engaging in
deviate sexual intercourse. 

 However, even though the prosecutor could have charged and prosecuted appellant
for committing prostitution by deviate sexual intercourse under the facts of this case, that is not
the form of the offense for which she was charged or convicted. The State assumed the greater
burden of proving prostitution by sexual contact and had to prove that appellant touched another
person's genitals with the intent to arouse or gratify the sexual desire of any person. The statute
does not specify the means by which the touching is done. In a case of indecency with a child by
sexual contact, the defendant sought to quash the indictment for failure to specify the part of the
body or object with which the victim was touched. Hilliard v. State, 652 S.W.2d 602, 604-05
(Tex. App.--Austin 1983, pet. ref'd untimely filed). The definition of "sexual contact" used in
the indecency with a child statute in effect at that time and quoted in the opinion was almost
identical to the definition of the term applicable in the instant case of prostitution. (3) The defendant
argued that since the touching could have been with a hand, an object, a sexual organ or other
means, the indictment did not give him adequate notice of what to defend against. This Court
ruled that the method by which the defendant "touched" the complainant is essentially evidentiary
and need not be pled. The opinion noted that the act constituting sexual contact with the child
(penile-anal contact) is also within the definition of deviate sexual intercourse. Id. at 605 n.2
(citing Martinez v. State, 599 S.W.2d 622, 623 (Tex. Crim. App. 1982)). In Martinez, the court
noted that penile-anal contact was both "deviate sexual intercourse" and "sexual contact" and
observed that the State could have indicted the defendant for sexual abuse of a child using either
form of the offense, but did not do so. Martinez v. State, 599 S.W.2d at 624, n.3. The courts
in these cases were not required to rule on whether a particular act might be prosecuted under
different statutes or different parts of the same statute, but their observations seem to suggest that
that would not present a problem. The mere possibility that the same act of mouth to genital
contact may be prosecuted under two different forms of prostitution, either as knowing deviate
sexual intercourse or as sexual contact with intent to arouse or gratify, does not offend any
principle of statutory application or interpretation. The fact that the State has discretion to decide
which form of the offense will be pursued is likewise unremarkable.

 Appellant only challenges the sufficiency of the evidence, and has not brought
points of error contending that there was lack of notice in the charging instrument, vagueness of
the statute, or double jeopardy. We only mention these issues as examples of what appellant does
not argue, and we do not mean to suggest that they would be substantial issues had they been
raised.

 The State responds that it is not limited by the terms of appellant's agreement to
perform oral sex for money, and contends that it could plead and prove the offense occurred when
appellant's representative offered appellant's sexual services, or when appellant took the money,
or when she made sexual contact by touching the officer's genitals with her hand as a prelude to
oral sex. The State contends that hand to genital contact is a necessary incident to oral sex, and
is sufficient in itself to establish the commission of the offense charged in the information.

 The State points out that prostitution as alleged in this case can be committed not
only by engaging in some form of sexual conduct (whether it consists of touching the genitals of
another with the mouth, hand, or some other body part for a fee) but also by offering or agreeing
to engage in some sort of sexual conduct for a fee. Simply quoting prices for sexual conduct
suffices to establish an offer or agreement. Mattias v. State, 731 S.W.2d 936, 937 (Tex. Crim.
App. 1987). It is not even necessary that the defendant have intended that the person to whom the
price is quoted be the recipient of the services. Anguiano v. State, 774 S.W.2d 344, 346 (Tex.
App.--Houston [14th Dist.] 1989, no pet.). See Austin v. State, 794 S.W.2d 408, 413 (Tex.
App.--Austin 1990, pet. ref'd). The State contends that the evidence of the negotiations entered
on appellant's behalf by Ms. Chong, and that of appellant taking the cash, establishes the offense
by offer and by agreement, and that the evidence also supports a jury verdict that appellant actually
engaged in sexual contact by touching McGuire with her hands, without any evidence that
appellant engaged in sexual contact by the mouth to genital contact.

 Considering this issue from the point appellant raised as to the legal sufficiency of
the evidence, and viewing the evidence set out above in the light most favorable to the judgment
of conviction, we conclude that a rational trier of fact could have found all the essential elements
of the offense of prostitution as alleged in the information beyond a reasonable doubt. Appellant's
first point of error is overruled.


Motion for New Trial Based on Alleged Perjury


 Appellant's second point of error contends that the trial court erred in overruling
her motion for new trial because the State "knowingly used perjured testimony" in securing the
conviction. Specifically, she contends that McGuire testified that appellant touched him with her 
hand in a way that would stimulate arousal, that he stopped her and told her that he was a police
officer and that she was under arrest. On cross-examination, appellant's counsel brought out the
fact that appellant had touched McGuire's penis with her mouth before he arrested her. When
challenged by appellant's counsel to explain why he had not initially told the jury about appellant's
mouth touching his penis, McGuire said that "out of consideration for the jury and the graphic
nature I did not say that."

 Appellant had previously been tried before the court for this offense, but sought and
obtained a new trial because of her claimed misunderstanding about her waiver of a jury trial. At
the first trial, McGuire had testified in greater detail in his direct testimony and had testified that
appellant put his penis in her mouth. Appellant's counsel used a transcript of the testimony from
the first trial to cross-examine McGuire and bring out in greater detail the specific physical contact
that occurred. The State argued that since the charging instrument only charged "sexual contact"
it obviated the need for the State to put on evidence that appellant had engaged in deviate sexual
intercourse and that touching with the hands was sufficient to prove the offense.

 It is clear that the State is not allowed to obtain a conviction through the knowing
use of perjured testimony. Napue v. Illinois, 360 U.S. 264 (1959); Losada v. State, 721 S.W.2d
305, 311 (Tex. Crim. App. 1986); Luck v. State, 588 S.W.2d 371, 373 (Tex. Crim. App. 1979). 
If the prosecution presented a false picture of the facts by failing to correct its own testimony when
it became apparent that the testimony was false, then the conviction must be reversed. Napue v.
Illinois, 360 U.S. at 666; Losada v. State, 360 U.S. 264 (1959), Means v. State, 429 S.W.2d 490
(Tex. Crim. App. 1968). However, the appellant bears the burden of showing that the testimony
used by the State was in fact perjured. Losada, 721 S.W.2d at 311; Luck, 588 S.W.2d at 373.

 A person commits perjury if, with intent to deceive and with knowledge of the
statement's meaning, he makes a false statement under oath or swears to the truth of a false
statement previously made and the statement is required or authorized by law to be made under
oath. See Tex. Penal Code Ann. § 37.02(a)(1) (West 1994). The offense becomes aggravated if
the false statement is made in connection with an official proceeding and the statement is material. 
Penal Code § 37.03.

 Appellant has not directed our attention to any evidence of the officer's intent to
deceive anyone. Appellant's attorney and the State were aware of the testimony at the first trial,
and that the officer had included all the details of the offense in his offense report. Appellant has
not demonstrated that there was a false statement. McGuire testified to enough facts to prove the
case alleged by the State. The omission of some of the more graphic details of this sexual
encounter did not present a false picture of appellant's conduct. The failure to mention that
appellant's mouth touched McGuire's penis did not conceal any defensive material of a legal
nature favorable to appellant. McGuire testified truthfully when appellant's attorney raised the
issue on cross-examination of whether appellant had touched the officer's penis with her mouth. 
This was not a fact necessary for the State to prove its case as charged for the offence of
prostitution by sexual contact. Appellant has not shown how or why the details of deviate sexual
intercourse originally omitted by the officer were material to the issue pending before the court.

 Appellant's exposure of details her counsel believed to be important to her case does
not demonstrate knowing use of perjury by the State, but does illustrate the importance of cross-examination. In Pointer v. Texas, 380 U.S. 400, 404-05 (1965), the United States Supreme Court
explained the place of cross-examination in our constitutional system:


 It cannot seriously be doubted at this late date that the right to cross-examination is included in the right of an accused in a criminal case to confront the
witnesses against him. And probably no one, certainly no one experienced in the
trial of lawsuits, would deny the value of cross-examination in exposing falsehood
and bringing out the truth in the trial of a criminal case. See, e.g., 5 Wigmore,
Evidence § 1367 (3rd ed. 1940). The fact that this right appears in the Sixth
Amendment of our Bill of Rights reflects the belief of the Framers of those liberties
and safeguards that confrontation was a fundamental right essential to a fair trial
in a criminal prosecution.



In Davis v. Alaska, 415 U.S. 308, 316 (1974), the Court said: "Cross-examination is the principal
means by which the believability of a witness and the truth of his testimony are tested."

 In the instant case, appellant has demonstrated that the system was working as
intended. She has not shown that the State knowingly used perjured testimony, nor that the officer
had any intent to deceive by limiting his direct testimony to facts supporting the offense charged. 
Appellant's second point of error is overruled.


Conclusion

 Having overruled appellant's two points of error, we affirm the trial court's
judgment of conviction.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: December 29, 1998

Do Not Publish
1. McGuire paid with four twenty-dollar bills which he had previously copied for
identification.
2. The terms of the contract were negotiated in the language of the street, not that of the
statute. 
3. The definition was: "'Sexual contact' means any touching of the anus, or any part of the
genitals of another person or the breast of a female 10 years or older with intent to arouse or
gratify the sexual desire of any person." Hilliard v. State, 652 S.W.2d 602, 605 (Tex.
App.--Austin 1983, pet. ref'd untimely filed).



by law to be made under
oath. See Tex. Penal Code Ann. § 37.02(a)(1) (West 1994). The offense becomes aggravated if
the false statement is made in connection with an official proceeding and the statement is material. 
Penal Code § 37.03.

 Appellant has not directed our attention to any evidence of the officer's intent to
deceive anyone. Appellant's attorney and the State were aware of the testimony at the first trial,
and that the officer had included all the details of the offense in his offense report. Appellant has
not demonstrated that there was a false statement. McGuire testified to enough facts to prove the
case alleged by the State. The omission of some of the more graphic details of this sexual
encounter did not present a false picture of appellant's conduct. The failure to mention that
appellant's mouth touched McGuire's penis did not conceal any defensive material of a legal
nature favorable to appellant. McGuire testified truthfully when appellant's attorney raised the
issue on cross-examination of whether appellant had touched the officer's penis with her mouth. 
This was not a fact necessary for the State to prove its case as charged for the offence of
prostitution by sexual contact. Appellant has not shown how or why the details of deviate sexual
intercourse originally omitted by the officer were material to the issue pending before the court.

 Appellant's exposure of details her counsel believed to be important to her case does
not demonstrate knowing use of perjury by the State, but does illustrate the importance of cross-examination. In Pointer v. Texas, 380 U.S. 400, 404-05 (1965), the United States Supreme Court
explained the place of cross-examination in our constitutional system:


 It cannot seriously be doubted at this late date that the right to cross-examination is included in the right of an accused in a criminal case to confront the
witnesses against him. And probably no one, certainly no one experienced in the
trial of lawsuits, would deny the value of cross-examination in exposing falsehood
and bringing out the truth in the trial of a criminal case. See, e.g., 5 Wigmore,
Evidence § 1367 (3rd ed. 1940). The fact that this right appears in the Sixth
Amendment of our Bill of Rights reflects the belief of the Framers of those liberties
and safeguards that confrontation was a fundamental right essential to a fair trial
in a criminal prosecution.



In Davis v. Alaska, 415 U.S. 308, 316 (1974), the Court said: "Cross-examination is the principal
means by which the believability of a witness and the truth of his testimony are tested."

 In the instant case, appellant has demonstrated th