NO.
12-05-00226-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

FLORENTINO GOMEZ TORREZ, JR.,    §                      APPEAL
FROM THE THIRD

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANDERSON
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION








            Florentino
Gomez Torrez appeals his conviction for assault causing bodily injury.  After finding him guilty, the jury sentenced
him to confinement for one year and a $4,000.00 fine.  In a single issue, Appellant asserts the
trial court submitted an improper charge to the jury.  We affirm.

 

Background

            Brandi
King testified that she had been dating Appellant, but on June 27, 2004, she
told him she did not want to see him anymore. 
Later that night while she and her four children were sleeping, he came
in through the locked back door and began yelling and making accusations.  He grabbed her hair and yanked her head
around.  He also punched her in the face
with his fist.  When he fell asleep on
her couch, she called the police.

            The
grand jury’s indictment alleged that Appellant “intentionally or knowingly
enter[ed] a habitation, without the effective consent of Brandi King, the owner
thereof, and attempted to commit or committed an assault on Brandi King.”  The jury charge explained that, under this
indictment, before finding Appellant guilty, the jury must be satisfied that
entry was made without the owner’s consent and with the intent to commit the
specific crime of assault.  The charge
set out the offense of assault as follows:

 

A person commits an
assault if the person:

 

(1)           intentionally, knowingly, or
recklessly causes bodily injury to another, including the person’s spouse; 

 

(2)           intentionally or knowingly threatens
another with imminent bodily injury, including the person’s spouse; or

 

(3)           intentionally or knowingly causes
physical contact with another when the person knows or should reasonably
believe that the other will regard the contact as offensive or provocative.

 

 

            The
application paragraphs explained that if the jury found Appellant entered the
habitation without King’s consent and attempted to commit or committed an
assault on her, it will find Appellant guilty as charged in the
indictment.  However, if the jury found
that Appellant assaulted King but did not enter a habitation without King’s
consent, it will find Appellant guilty of the lesser included offense of assault.
In addition to the option of finding Appellant guilty of burglary of a
habitation, the jury had the options of finding him guilty of assault causing
bodily injury, assault by threat, and assault by physical contact. The jury
found Appellant not guilty of burglary of a habitation but guilty of assault
causing bodily injury.

 

The Charge

            In
his sole issue, Appellant contends the trial court erred in submitting a charge
that allowed the jury to convict him of assault causing bodily injury.  He argues that a finding of guilt of assault
causing bodily injury requires proof of the additional element of bodily
injury, which was not alleged in the indictment.  He contends that he was entitled to
submission of the “generic offense of assault” and harmed by a charge that
includes an offense not in the indictment. 


Applicable Law

            An
offense is a lesser included offense if (1) it is established by proof of the
same or less than all the facts required to establish the commission of the
offense charged; (2) it differs from the offense charged only in the respect
that a less serious injury or risk of injury to the same person, property, or
public interest suffices to establish its commission; (3) it differs from the
offense charged only in the respect that a less culpable mental state suffices
to establish its commission; or (4) it consists of an attempt to commit the
offense charged or an otherwise included offense.  Tex.
Code Crim. Proc. Ann. art. 37.09 (Vernon 1981).  In applying Article 37.09(1), a lesser
included offense is determined by looking at the elements of the offense
actually charged, the statutory elements of the offense sought as a lesser included
offense, and the proof presented at trial to show the elements of the charged
offense.  Jacob v. State,
892 S.W.2d 905, 907-08 (Tex. Crim. App. 1995); see also Hayward v. State,
158 S.W.3d 476, 478-79 (Tex. Crim. App. 2005). 
The elements of the offense claimed to be a lesser included offense must
be examined to see if the elements are functionally the same or less than those
required to prove the charged offense.  Jacob,
892 S.W.2d at 907-08.  A lesser included
offense does not enlarge upon the offense charged, but rather restricts or
reduces culpability as compared to the offense charged.  Id. at 907.  

            A
person commits the offense of burglary if, without the effective consent of the
owner, he enters a habitation and attempts to commit a felony, theft, or an
assault.  Tex. Pen. Code Ann. § 30.02(a)(3) (Vernon 2003).  A person commits the offense of assault if he
intentionally, knowingly, or recklessly causes bodily injury to another,
intentionally or knowingly threatens another with imminent bodily injury, or
intentionally or knowingly causes physical contact with another when the person
knows or should reasonably believe that the other will regard the contact as
offensive or provocative.  Tex. Pen. Code Ann. § 22.01(a)
(Vernon Supp. 2005).  Where the penal
code defines more than one way to commit an offense, the wording of the
allegation in the indictment determines what offenses are lesser included
offenses.  See Martinez v. State,
599 S.W.2d 622, 624 (Tex. Crim. App. 1980). 

Discussion

            The
State was not required to set out in the indictment the elements of the offense
allegedly committed after entering the habitation without consent.  See Ex parte Donohue, 602
S.W.2d 265, 266 (Tex. Crim. App. 1980); Mitchell v. State, 137
S.W.3d 842, 846 (Tex. App.–Houston [1st Dist.] 2004, pet. ref’d).  To prove burglary of a habitation as charged,
the State would have to prove, in addition to entry without King’s consent,
acts that constitute an assault under Penal Code Section 22.01(a).  Because, under the penal code, the offense of
assault can be committed three different ways, the State could have presented
evidence of any of the three types of assault identified by Section 22.01.  Therefore, the elements of assault causing
bodily injury are functionally the same as those required to prove commission
of the assault as charged in the indictment. 
Tex. Code Crim. Proc. Ann.
art. 37.09(1).  Assault causing bodily
injury did not enlarge upon the offense charged and was therefore a lesser
included offense.  Mitchell,
137 S.W.3d at 846.  We overrule Appellant’s
sole issue.

 

Disposition

            We
affirm the trial court’s judgment.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered July 19, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)