NO. 07-08-0131-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 30, 2009
______________________________

JAY ANTHONY NOTTINGHAM, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

v.

THE STATE OF TEXAS, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
_________________________________

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 17,578-B; HON. JOHN BOARD, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Â Â Â Â Â Â Â Â Â Â Jay Anthony Nottingham appeals his conviction for robbery and argues that the trial
court erred in failing to give an instruction on the lesser included offense of misdemeanor
assault. We affirm the judgment. 
Â Â Â Â Â Â Â Â Â Â Background
Â Â Â Â Â Â Â Â Â Â On November 10, 2005, Herman Laskey, a regional loss prevention coordinator for
the Academy Sports and Outdoors store in Amarillo, observed appellant with an archery
target box and multiple âUnder Armourâ shirts in his cart. As he watched, appellant
removed the security tags from the shirts, placed them in the target box, sealed the box
with tape, and proceeded to the cashier. He paid the cashier $4.88, a sum which equaled
the cost of the target but was far less than the cost of the shirts, which cost approximated
$600. 
Â Â Â Â Â Â Â Â Â Â Laskey and several other Academy employees confronted appellant as he
attempted to exit the store. Appellant told them that he had paid for the target box and that
he had done nothing wrong when asked to return with Laskey. Thereafter, an employee
grabbed the target box from appellant, opened it, and discovered the shirts. At that point,
appellant knocked Laskey and another employee down as he ran out of the store. The
employees did not give chase though. 
Â Â Â Â Â Â Â Â Â Â A policeman responded to the incident call and arrived at the store in 15 minutes. 
Apparently, he had searched a five-block area for appellant by that time. While conversing
with store employees about the matter, appellant was spotted next to a nearby store
walking âcasually.â The officer as well as several Academy employees went after and
apprehended him. As they did so, Laskey was once again âshoulderedâ or struck by
appellant. 
Â Â Â Â Â Â Â Â Â Â Instruction on Lesser Offense
Â Â Â Â Â Â Â Â Â Â According to appellant, he was entitled to an instruction on the lesser included
offense of simple assault. The State conceded as much in its appellate brief. We overrule
the issue.
Â Â Â Â Â Â Â Â Â Â The State indicted appellant for robbery, and alleged that he âwhile in the course of
committing theft of property and with intent to obtain and maintain control of said property,
intentionally and knowingly cause[d] bodily injury to Herman Otis Laskey, Jr., by pushing
him.â And, while some courts have held that simple assault may be a lesser included
offense of that charge, e.g., see Martinez v. State, 599 S.W.2d 622, 624 (Tex. Crim. App.
1980), the two prongs of the test announced in Rousseau v. State, 855 S.W.2d 666 (Tex.
Crim. App. 1993) still must be satisfied. They require that 1) the proof needed to establish
the lesser offense is included in the proof necessary to establish the greater, and 2) some
evidence exists that would permit a jury to rationally find that if the defendant is guilty, he
is guilty only of the lesser offense. Id. at 672-73. And, to determine whether the former
requirement is met, we look to the allegations contained in the indictment itself. Hall v.
State, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007).
Â Â Â Â Â Â Â Â Â Â Appellant cites us to no evidence indicating that he did not attempt to steal the
Under Armour shirts. Nor does he argue before us that he committed no theft. Instead,
he believes himself entitled to an instruction on assault because Laskey purportedly tripped
when he fell at the store but was pushed by appellant when the latter was finally subdued
15 minutes later. In other words, because some evidence suggested that the assault did
not occur until after the effort to steal the shirts had ended, he allegedly was entitled to an
instruction on simple assault. We disagree.
Â Â Â Â Â Â Â Â Â Â What the record depicts is at least two distinct crimes. The first arose from an
unbroken series of events wherein appellant began by stuffing the box with shirts, failing
to pay for the shirts, being stopped as he left the store, fleeing, and shouldering Laskey
and another Academy employee as he fled. Again, appellant makes no effort to deny the
occurrence of a theft during this episode. Moreover, that episode and the crime which
arose from it ended once appellant escaped without the stolen items.
Â Â Â Â Â Â Â Â Â Â The second series of events from which arose another crime began 15 minutes later
and after the officer arrived at Academy. That is when appellant was spied âcasuallyâ
walking around a neighboring store, the group left to apprehend him, and Laskey was
again struck. That he then no longer had the Under Armour shirts is undisputed. And, that
the robbery was over by the time the officer and Academy employees renewed the chase
cannot be reasonably debated either.
Â Â Â Â Â Â Â Â Â Â Now, turning to the verbiage in the indictment, the State spoke of Laskey being
pushed while appellant endeavored to retain control over property he had stolen. Only one
of the two episodes discussed above falls within that description, and it is that wherein
appellant was stopped while leaving Academy. Indeed, he had no property over which to
retain control when 15 minutes later Laskey was struck a second time; so, the second
episode could not be the one encompassed by the indictment. And, because no evidence
illustrates that appellant was not committing theft during the first episode, the second prong
of Rousseau was not met. That is, no evidence illustrates that if appellant did anything
during the first episode, it was only assaulting Laskey.
Â Â Â Â Â Â Â Â Â Â The State reads Jones v. State, 984 S.W.2d 254 (Tex. Crim. App. 1998) (involving
an accusation of robbery) as requiring a different outcome, but it does not apply to the
circumstances before us. This is so because the facts in Jones are readily distinguishable
from those before us. There, a loss prevention investigator observed the defendant place
several items in his pocket and then leave the store without paying for them. The
investigator as well as two store employees confronted the defendant outside of the store. 
They detained him, escorted him back into the store, and informed him he was being taken
to the loss prevention office. Once inside the store, the defendant started a fight by
punching the investigator and biting a store employee. Moreover, the defendant denied
at trial that he left the store with the items. He also denied that he assaulted anyone since
he purportedly was acting in self defense. As can be seen, there was evidence, from the
defendant himself, that a theft had not occurred at the time the store employees stopped
the accused. That is missing here. Furthermore, Jones had yet to escape and commit
another assault during his eventual recapture. Given these key differences, Jones has
little relevance to the dispute before us.


 
Â Â Â Â Â Â Â Â Â Â Â Simply put, there were several crimes involved here, and the one for which
appellant ultimately was prosecuted directly arose from the first series of events. And, 
because appellant fails to suggest and the evidence fails to depict that he was not
attempting theft at that time, he was not entitled to an instruction merely on simple assault.
 Accordingly, we affirm the judgment of the trial court.
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Brian Quinn
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice
Â 
Do not publish. Â Â 



ed="false" Name="Colorful List Accent 6"/>
 
 
 
 
 
 
 
 
 









NO. 07-10-0230-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE SEVENTH DISTRICT OF TEXAS

Â 

AT AMARILLO

Â 

PANEL B

Â 



JUNE 28, 2010

Â 



Â 

DAVID EUGENE
HAMILTON, APPELLANT

Â 

v.

Â 

THE STATE OF
TEXAS, APPELLEE 



Â 



Â 

 FROM THE 46TH DISTRICT COURT OF WILBARGER
COUNTY;

Â 

NO.
11,394; HONORABLE DAN MIKE BIRD, JUDGE



Â 



Â 

Before QUINN, C.J., and CAMPBELL and
HANCOCK, JJ.

Â 

Â 

ORDER
OF ABATEMENT AND REMAND

Â 

Appellant,
David Eugene Hamilton, appeals his conviction and sentence.Â  The clerkÂs record has not been filed but as
required by Rule of Appellate Procedure 25.2(e) the clerk of the trial court
has forwarded a copy of appellantÂs notice of appeal and certification of right
of appeal to the clerk of this court.Â 
The certification form, although signed by the judge of the trial court
on June 17, 2010, was not signed by appellant or his counsel.Â  

Effective
September 1, 2007, Rule of Appellate Procedure 25.2(d) was amended to require
certifications executed after the effective date to be signed by the appellant
and a copy served on him. Â Tex. R. App.
P. 25.2(d); Mason v. State, No.
07-07-0383-CR, 2008 Tex. App. Lexis 3956 (Tex.App.Amarillo
May 29, 2008) (per curiam order, not designated for publication).Â  Consequently, we abate the appeal and remand
the cause to the 46th District Court of Wilbarger County for further
proceedings.Â  On remand, the trial court
shall utilize whatever means it finds necessary to secure and file with this
court a certificate of right to appeal that complies with Rule 25.2(d). Â Tex. R. App. P. 25.2(d).

If
necessary, the trial court shall execute findings of fact, conclusions of law,
and any necessary orders it may enter regarding the aforementioned issues and
cause its findings, conclusions, and orders, if any, to be included in a
supplemental clerkÂs record. Any hearing of the matter shall be stenographically recorded and the transcription included in
a supplemental reporterÂs record.Â  The
trial court shall file the supplemental clerkÂs record and the supplemental
reporterÂs record, if any, with the clerk of this court by July 26, 2010.[1]

It is so ordered.

Per Curiam

Do not publish. 











[1]On the certification form delivered to the clerk of
this court, the trial court indicated appellant entered a plea bargain, has no
right of appeal, and has waived the right of appeal.Â  At this stage, we express no opinion on the
effect these findings may have on appellantÂs right of appeal.