NO. 07-08-0131-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 30, 2009
_____

JAY ANTHONY NOTTINGHAM,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 17,578-B; HON. JOHN BOARD, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Jay Anthony Nottingham appeals his conviction for robbery and argues that the trial court erred in failing to give an instruction on the lesser included offense of misdemeanor assault. We affirm the judgment.

*Background*

On November 10, 2005, Herman Laskey, a regional loss prevention coordinator for the Academy Sports and Outdoors store in Amarillo, observed appellant with an archery

target box and multiple "Under Armour" shirts in his cart. As he watched, appellant removed the security tags from the shirts, placed them in the target box, sealed the box with tape, and proceeded to the cashier. He paid the cashier $4.88, a sum which equaled the cost of the target but was far less than the cost of the shirts, which cost approximated $600.

Laskey and several other Academy employees confronted appellant as he attempted to exit the store. Appellant told them that he had paid for the target box and that he had done nothing wrong when asked to return with Laskey. Thereafter, an employee grabbed the target box from appellant, opened it, and discovered the shirts. At that point, appellant knocked Laskey and another employee down as he ran out of the store. The employees did not give chase though.

A policeman responded to the incident call and arrived at the store in 15 minutes. Apparently, he had searched a five-block area for appellant by that time. While conversing with store employees about the matter, appellant was spotted next to a nearby store walking "casually." The officer as well as several Academy employees went after and apprehended him. As they did so, Laskey was once again "shouldered" or struck by appellant.

*Instruction on Lesser Offense*

According to appellant, he was entitled to an instruction on the lesser included offense of simple assault. The State conceded as much in its appellate brief. We overrule the issue.

The State indicted appellant for robbery, and alleged that he "while in the course of committing theft of property and with intent to obtain and maintain control of said property,

2

intentionally and knowingly cause[d] bodily injury to Herman Otis Laskey, Jr., by pushing him." And, while some courts have held that simple assault may be a lesser included offense of that charge, *e.g.*, *see Martinez v. State,* 599 S.W.2d 622, 624 (Tex. Crim. App. 1980), the two prongs of the test announced in *Rousseau v. State,* 855 S.W.2d 666 (Tex. Crim. App. 1993) still must be satisfied. They require that 1) the proof needed to establish the lesser offense is included in the proof necessary to establish the greater, and 2) some evidence exists that would permit a jury to rationally find that if the defendant is guilty, he is guilty only of the lesser offense. *Id.* at 672-73. And, to determine whether the former requirement is met, we look to the allegations contained in the indictment itself. *Hall v. State*, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007).

Appellant cites us to no evidence indicating that he did not attempt to steal the Under Armour shirts. Nor does he argue before us that he committed no theft. Instead, he believes himself entitled to an instruction on assault because Laskey purportedly tripped when he fell at the store but was pushed by appellant when the latter was finally subdued 15 minutes later. In other words, because some evidence suggested that the assault did not occur until after the effort to steal the shirts had ended, he allegedly was entitled to an instruction on simple assault. We disagree.

What the record depicts is at least two distinct crimes. The first arose from an unbroken series of events wherein appellant began by stuffing the box with shirts, failing to pay for the shirts, being stopped as he left the store, fleeing, and shouldering Laskey and another Academy employee as he fled. Again, appellant makes no effort to deny the

3

occurrence of a theft during this episode. Moreover, that episode and the crime which arose from it ended once appellant escaped without the stolen items.

The second series of events from which arose another crime began 15 minutes later and after the officer arrived at Academy. That is when appellant was spied "casually" walking around a neighboring store, the group left to apprehend him, and Laskey was again struck. That he then no longer had the Under Armour shirts is undisputed. And, that the robbery was over by the time the officer and Academy employees renewed the chase cannot be reasonably debated either.

Now, turning to the verbiage in the indictment, the State spoke of Laskey being pushed while appellant endeavored to retain control over property he had stolen. Only one of the two episodes discussed above falls within that description, and it is that wherein appellant was stopped while leaving Academy. Indeed, he had no property over which to retain control when 15 minutes later Laskey was struck a second time; so, the second episode could not be the one encompassed by the indictment. And, because no evidence illustrates that appellant was not committing theft during the first episode, the second prong of *Rousseau* was not met. That is, no evidence illustrates that if appellant did anything during the first episode, it was only assaulting Laskey.

The State reads *Jones v. State,* 984 S.W.2d 254 (Tex. Crim. App. 1998) (involving an accusation of robbery) as requiring a different outcome, but it does not apply to the circumstances before us. This is so because the facts in *Jones* are readily distinguishable from those before us. There, a loss prevention investigator observed the defendant place several items in his pocket and then leave the store without paying for them. The investigator as well as two store employees confronted the defendant outside of the store.

4

They detained him, escorted him back into the store, and informed him he was being taken to the loss prevention office. Once inside the store, the defendant started a fight by punching the investigator and biting a store employee. Moreover, the defendant denied at trial that he left the store with the items. He also denied that he assaulted anyone since he purportedly was acting in self defense. As can be seen, there was evidence, from the defendant himself, that a theft had not occurred at the time the store employees stopped the accused. That is missing here. Furthermore, Jones had yet to escape and commit another assault during his eventual recapture. Given these key differences, *Jones* has little relevance to the dispute before us.[1]

Simply put, there were several crimes involved here, and the one for which appellant ultimately was prosecuted directly arose from the first series of events. And, because appellant fails to suggest and the evidence fails to depict that he was not attempting theft at that time, he was not entitled to an instruction merely on simple assault.

Accordingly, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.

---

[1]One other distinction between the facts before us and those in *Jones* involves appellant's alleged statement regarding payment for the target. While it may be that appellant relinquished $4.88 for the target, we find no evidence suggesting that he also paid for the $600 worth of shirts he stuffed into the box.