

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00398-CR

———————————————

DANIEL WILLIAM MOHLER, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1345064D

Dissenting Memorandum Opinion by Justice Gabriel

## DISSENTING MEMORANDUM OPINION

In my opinion, due process is not offended by appellant Daniel William Mohler's convictions and sentences for two separate acts of indecency with a child, which arose from the same criminal episode of continuous sexual abuse of a child (CSA). Although the indecency offenses were charged as lesser-included offenses of the indicted offense of CSA, Mohler was not convicted of CSA; thus, cases concluding that the assessment of a sentence for CSA and a sentence for a lesser-included offense violates the Constitution do not dictate the result here. *See, e.g.*, *Price v. State*, 434 S.W.3d 601, 603–04 (Tex. Crim. App. 2014); *Carmichael v. State*, 505 S.W.3d 95, 100 (Tex. App.—San Antonio 2016, pet. ref'd). Accordingly, I respectfully dissent from the majority's opinion and judgment vacating and dismissing Mohler's conviction for indecency with a child based on touching the child's anus.

The majority ably recounts the charges brought against Mohler arising from his sexual abuse of his very young granddaughter, Barbara. To provide context, however, I will state them again.

First, Mohler was indicted for CSA based on five acts of intentional or knowing sexual abuse, alleged to have occurred between September 1, 2011, and August 14, 2013:

1. aggravated sexual assault of a child younger than fourteen by causing Barbara's sexual organ to contact Mohler's sexual organ;

2. aggravated sexual assault of a child younger than fourteen by inserting his finger into Barbara's sexual organ;

2

3.    aggravated sexual assault of a child younger than fourteen by causing Barbara's sexual organ to contact Mohler's mouth;

4.    indecency with a child by touching Barbara's genitals with his hand; "AND/OR"

5.    indecency with a child by touching Barbara's anus with his hand.

*See* Tex. Penal Code Ann. § 21.02(b), (c)(2), (c)(4). Second, Mohler was indicted with two counts of aggravated sexual assault of a child younger than fourteen, alleged to have occurred on or about September 1, 2011:

1.    intentionally or knowingly causing Barbara's sexual organ to contact Mohler's sexual organ and

2.    intentionally or knowingly causing Barbara's sexual organ to contact Mohler's mouth.

*See id.* § 22.021(a)(1)(B)(iii), (a)(2)(B). Third, Mohler was indicted with two counts of indecency with a child, alleged to have occurred on or about September 1, 2011:

1.    intentionally engaging in sexual contact by touching Barbara's genitals and

2.    intentionally engaging in sexual contact by touching Barbara's anus.

*See id.* § 21.11(a)(1), (c)(1).

At trial, the State ostensibly waived the separate aggravated-sexual-assault and indecency counts in the indictment. Instead, the jury was charged that if it found Mohler not guilty of CSA as charged in the indictment, it could then proceed to "consider whether [Mohler] is guilty of each of the lesser included offenses referred to below separately and individually." *See* Tex. Code Crim. Proc. Ann. art. 37.08. The lesser-included offenses were based on the five acts of sexual abuse that had been

3

alleged in the CSA count, four of which appeared to be the same acts that had additionally been alleged as separate counts in the indictment. The jury found Mohler not guilty of all but the two indecency offenses and assessed his punishment at six years' confinement for each offense; the trial court entered a judgment of conviction for each indecency offense and ordered the sentences to run consecutively.

Our question is whether Mohler could be convicted of and sentenced for each indecency offense. Based on the unique nature of a CSA offense, I believe he can. *Cf. Basilio v. State*, No. 02-15-00091-CR, 2017 WL 2871678, at *1, *7 (Tex. App.—Fort Worth July 6, 2017, no pet.) (mem. op. on reh'g, not designated for publication) (concluding, in case where defendant was acquitted of CSA but found guilty of two lesser offenses of indecency by contacting child's genitals, evidence was insufficient to support one indecency conviction because no evidence showed defendant contacted child's genitals twice in course of CSA).

Of course, each of the acts of sexual abuse alleged in the CSA count as offense elements was also a lesser-included offense of CSA. *See Soliz v. State*, 353 S.W.3d 850, 854 (Tex. Crim. App. 2011) (quoting *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007)). Under the terms of the CSA statute, Mohler could not have been convicted of and punished for CSA as well as for one of the alleged acts of sexual abuse submitted to the jury as a lesser-included offense. *See* Tex. Penal Code Ann. § 21.02(e); *Price*, 434 S.W.3d at 606; *Soliz*, 353 S.W.3d at 852–53. But Mohler was not convicted of CSA; thus, the general bar in Section 21.02(e) does not apply.

4

Thus, the issue becomes whether Mohler may be convicted of two lesser-included sexual offenses that occurred in the same CSA criminal episode and that were both specifically alleged and noticed in the CSA count. *See* Tex. Penal Code Ann. § 3.01. The Penal Code provides that he may.[1] *See id.* § 3.03(a). The trial court's submission of the indecency offenses as lesser-included offenses authorized the jury to find Mohler not guilty of the CSA count but "guilty of any lesser included offense." Tex. Code Crim. Proc. Ann. art. 37.08. The common understanding of "any," which governs the interpretation of the Code of Criminal Procedure, is one of inclusion and is defined as "one, some, or all indiscriminately of whatever quantity." *Any*, Merriam-Webster, http://merriam-webster.com/dictionary/any (last visited Oct. 6, 2020); *see* Tex. Code Crim. Proc. Ann. art. 3.01; *accord United States v. Lacy*, 446 F.3d 448, 452 (3d Cir. 2006) ("The word 'any' [in Fed. R. Crim. P. 31(c)] suggests that a defendant may be found guilty of several offenses other than that charged in the indictment, so long as all such offenses are 'necessarily included' in the charged offense. Thus, . . . a defendant may be convicted of multiple lesser included offenses arising out of a single charge.").

To me, these statutes and the nature of CSA allow convictions and sentences for more than one lesser-included offense where the defendant is acquitted of CSA. The Court of Criminal Appeals has indicated that multiple convictions for lesser-

---

[1]And the assessed six-year sentences may run consecutively based on the nature of the lesser-included offenses. *See id.* § 3.03(b)(2)(A).

5

included offenses in the CSA context are acceptable if a defendant is acquitted of CSA: "[A] fact finder could find a defendant guilty either of [CSA], or, alternatively, an enumerated act *or acts* of sexual abuse or a lesser offense *or offenses* of the enumerated act *or acts*." *Price*, 434 S.W.3d 606 (emphases added); *see Le v. State*, No. 05-16-01324-CR, 2018 WL 2001609, at *11 (Tex. App.—Dallas Apr. 30, 2018, no pet.) (mem. op., not designated for publication) (recognizing if defendant acquitted of CSA, jury may find defendant guilty of "one or all of the predicate offenses of aggravated sexual assault or indecency with a child," which were submitted as lesser-included offenses). Indeed, because the lesser-included offenses here do not seek to punish the same conduct—one involved touching Barbara's genitals, the other involved touching Barbara's anus—and because they are not lesser-included offenses of each other, the underpinnings of the one-conviction-per-count rule would seem to be absent under the facts presented. *Cf. Martinez v. State*, 599 S.W.2d 622, 624 (Tex. Crim. App. [Panel Op.] 1980) (holding indecency with a child by exposing his genitals or by genital–anus "rubbing" is not lesser-included offense of sexual abuse of child by genital–mouth contact); *Basilio*, 2017 WL 2871678, at *7 ("Indecency with a child is a conduct-oriented offense, and each of the types of circumstances—whether it be touching of the breasts, genitals, or anus—constitute three separate and different offenses."); *Bottenfield v. State*, 77 S.W.3d 349, 358 (Tex. App.—Fort Worth 2002, pet. ref'd) (approving submission of and convictions for both aggravated sexual assault and indecency because each based on different conduct and, thus, two acts were

6

"separate and distinct"). *See generally Martinez v. State*, 225 S.W.3d 550, 554–55 (Tex. Crim. App. 2007) (explaining one-conviction-per-count rule). In short, the acts of sexual abuse, although alleged as part of the CSA count, were separate offenses and were not merely charged as alternative methods of committing CSA. Thus, I believe Mohler could be convicted of and punished for both indecency offenses which were based on separate acts of sexual abuse. *Cf. Lacy*, 446 F.3d at 455–56.

I understand the majority's assertion that a one-count indictment generally can result in only one punishment. But I agree with the State that to limit Mohler's criminal liability to only one of the lesser-included acts of sexual abuse alleged in the CSA count—applying the one-conviction-per-count rule to alleged acts of sexual abuse in CSA prosecutions—would result in an "unjust windfall" or in "absurd results" in CSA prosecutions. *See generally Ex parte McWilliams*, 634 S.W.2d 815, 822 (Tex. Crim. App. 1982) (op. on reh'g) (recognizing "[j]ustice and reason demand" that defendant should be subject to separate convictions and harsher punishment if he "robs, kidnaps, rapes, and murders his victim" than if he "committed only one of the crimes").

For these reasons, I conclude that *Machutta*, on which the majority heavily relies, is not persuasive. *Machutta v. State*, Nos. 05-16-00846-CR, 05-16-01160-CR, 2018 WL 2252553, at *6 (Tex. App.—Dallas May 17, 2018, pet. ref'd) (mem. op., not designated for publication). And because the majority follows *Machutta* and vacates and dismisses one of Mohler's indecency convictions, I respectfully dissent.

/s/ Lee Gabriel
Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  October 15, 2020