

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0790-20

### ROBERTO HERNANDEZ , Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### NAVARRO COUNTY

**KEEL, J., delivered the opinion for a unanimous Court.**

## OPINION

At his trial for aggravated sexual assault of a child, Appellant unsuccessfully sought jury instructions on lesser offenses of indecency with a child. The court of appeals reversed the trial court's ruling and ordered a new trial. We reverse the judgment of the court of appeals because a separate offense—even if it is a lesser offense—is not an included offense. More specifically, an allegation that a defendant penetrated a child's mouth with his penis does not include claims that he touched the child's torso with his

penis or touched her vagina with his hand. Although they are lesser, those are not included offenses because they are separate crimes for which the defendant could be prosecuted in addition to the greater, charged offense.

## I. Background

The complainant testified that when she was ten years old Appellant, her father, took her into a storage container by their house and closed the door. He made her get on her knees, pulled down his pants, and put his "middle part" in her mouth. He moved it "back and forth" for about a minute, pulled his pants back up, and left the container. The complainant's mother saw her coming from the container looking nervous and upset. She asked her daughter what was wrong. The girl reluctantly told her that Appellant had done the same thing that her brother had done. Her mother understood this to mean that Appellant had made her perform oral sex on him.

Appellant testified that he took the victim into the storage container and touched her vagina with his hand over her clothes and then with her pants pulled down. He pulled his pants down, too, and hugged her while they were both standing and naked from the waist down. He admitted that his penis likely touched her torso during their hug, but he denied that it touched her mouth or face, and he denied making her get on her knees.

Appellant requested jury instructions on lesser offenses of indecency with a child by contact based on his testimony that he touched his daughter's vagina with his hand and touched her torso with his penis, but the trial court denied the requests. The court of appeals reversed the ruling because the jury could have disbelieved the State's witnesses and believed Appellant's testimony, and Appellant's testimony presented a valid, rational

alternative to the charged offense. *Hernandez v. State*, No. 10-19-00252-CR, 2020 WL 4360789, *2–3 (Tex. App.—Waco, July 29, 2020) (not designated for publication). We granted the State Prosecuting Attorney's petition for discretionary review to consider whether Appellant was entitled to an instruction on indecency with a child by contact as a lesser-included offense of aggravated sexual assault.

## II. Lesser-included offenses

An offense is a lesser-included offense if it is "established by proof of the same or less than all the facts required to establish the commission of the offense charged." Tex. Code Crim. P. art. 37.09(1). In reviewing a trial court's denial of an instruction on a lesser offense we look at the evidence in the light most favorable to the requested instruction. *Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006). We typically apply a two-step test to determine whether the evidence satisfies Article 37.09(1). *See Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007).

The first step asks as a matter of law whether the lesser offense is included in the charged offense. *Id.* at 535. This step is satisfied if the elements and any descriptive averments in the charging instrument include all the elements of the proposed lesser, without regard to the facts of a given case. *See id.*; *Ritcherson v. State*, 568 S.W.3d 667, 670–71 (Tex. Crim. App. 2018). The second step asks whether "there is some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense." *Bullock v. State*, 509 S.W.3d 921, 925 (Tex. Crim. App. 2016). The lesser offense must be a "valid, rational alternative to the charged offense." *Hall*, 225 S.W.3d at 536 (quoting *Forest v. State*, 989 S.W.2d 365, 367

(Tex. Crim. App. 1999)) (footnote omitted). But a defendant is not entitled to an instruction on a lesser offense that is extraneous to—rather than included in—the offense charged. *Campbell v. State*, 149 S.W.3d 149, 155-56 (Tex. Crim. App. 2004). He "cannot foist upon the State a crime the State did not intend to prosecute" by means of an instruction on a lesser offense. *Id.* at 157 (Keller, P.J., concurring).

*Hall*'s rote application may fail to distinguish extraneous offenses from included ones. *See Ortiz v. State*, 623 S.W.3d 804, 806 (Tex. Crim. App. 2021). Before *Hall* we made that distinction by looking at the evidence. *See Campbell*, 149 S.W.3d at 155. "[I]n determining whether an offense is a lesser-included offense, one must consider statutory elements *and* surrounding facts and circumstances to see if there are two distinct criminal acts." *Id.* *Hall* seemingly foreclosed a factual approach to distinguishing included offenses from separate ones, explaining that the first step of its test "must be[] capable of being performed before trial by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense." *Hall*, 225 S.W.3d at 535-36.

But even *Hall* recognized that proving a penis-to-mouth sexual assault does not require proof of sexual contact with another body part and so does not include such an offense. It signaled that recognition by citing *Martinez v. State* for the proposition that a charge of "sexual abuse of a child by contact between the defendant's genitals and child's mouth will not support a lesser-included offense of indecency with a child." *Hall*, 225 S.W.3d at 531 and n.34 (citing 599 S.W.2d 622 (Tex. Crim. App. 1980)).

Martinez was charged with penis-to-mouth sexual assault of a child but convicted of indecency by penis-to-anus contact. *Martinez*, 599 S.W.2d at 623-24. We reversed Martinez's conviction for the "lesser included" offense because the charged sexual assault of penis-to-mouth contact did not include penis-to-anus contact. *Martinez*, 599 S.W.2d at 623-24. "The latter conduct is not 'established by proof of the same or less than all the facts required to establish the commission of the offense charged'; [Article] 37.09(1). It could only be established by proof of different facts." *Id.* at 624.

*Martinez* necessarily considered the facts of the lesser offense—at least as they were expressed in the jury charge on the lesser-included offense—to decide that it was not included in the greater offense, and *Hall* endorsed it without reconciling its fact-driven analysis with its own injunction against looking at the facts underlying a lesser offense. But reconciliation can be found in the allowable-unit-of-prosecution analysis.

The allowable-unit-of-prosecution analysis distinguishes separate offenses from included ones for purposes of double jeopardy and jury-unanimity requirements. *Johnson v. State*, 364 S.W.3d 292, 295-97 (Tex. Crim. App. 2012). And it works in the context of distinguishing extraneous offenses from lesser-included offenses, too. *See Ortiz*, 623 S.W.3d at 806. It is especially effective in the context of sex offenses because their allowable units of prosecution are easily identified by the body parts offended against.

## III.  Sex-Offense Units of Prosecution

Aggravated sexual assault's allowable unit of prosecution is penetration. *Jourdan v. State*, 428 S.W.3d 86, 96 (Tex. Crim. App. 2014). An offender may be prosecuted for

as many statutorily specified body parts as he penetrates. *Id.* For example, penetration of the sexual organ is a distinct offense from penetration of the anus. *Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999). Similarly, the allowable unit of prosecution for indecency with a child is sexual contact. *Loving v. State*, 401 S.W.3d 642, 649 (Tex. Crim. App. 2013). Touching the breast, anus, and genitals are distinct offenses. *Pizzo v. State*, 235 S.W.3d 711, 719 (Tex. Crim. App. 2007). Sex offenses focus on the prohibited conduct, and the Legislature intended punishment for each prohibited act. *Maldonado v. State*, 461 S.W.3d 144, 150 (Tex. Crim. App. 2015). Separate acts of contact and penetration are separate offenses. *Id.* In short, different body parts mean different crimes.

The evidence here shows three different body parts were penetrated or touched. According to the State, Appellant put his penis in the complainant's mouth. According to Appellant, he touched her vagina with his hand and rubbed his penis on her torso. The lesser indecency offenses were not included in the charged offense of aggravated sexual assault of a child; they were different, additional crimes perpetrated against different body parts by different acts, and Appellant could have been prosecuted for all of them. *Cf. Evans v. State*, 299 S.W.3d 138, 140 n.3, 142-43 (Tex. Crim. App. 2009) (holding that convictions for indecency by contact and sexual assault of a child violated double jeopardy because both were predicated on the same act and body part); *Ochoa v. State*, 982 S.W.2d 904, 907 (Tex. Crim. App. 1998) (holding indecency by contact and aggravated sexual assault convictions violated double jeopardy because they were predicated on the same act and body part).

Appellant argues that aggravated sexual assault and indecency by contact share the same gravamen of "child molestation," and since the charged offense and the proposed lesser offenses all arose out of the same "incident" in the storage container, the lesser offenses were included in the charged offense. But sex offenses are narrowly focused, and the statutes defining sex offenses minutely detail the prohibited conduct. *Loving*, 401 S.W.3d at 648. The Legislature intended punishment for each prohibited act, not merely each "incident." *See Maldonado*, 461 S.W.3d at150. Separate acts of contact and penetration are separate offenses. *Id.*

Appellant cites Article 37.09(2) as further support for his requested instructions. Under subsection (2), an offense is included if "it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission." Tex. Code Crim. P. art. 37.09(2). But neither the charged offense nor the proposed lesser offenses depend on evidence of "injury." Even if they did, Article 37.09(2) could not overcome the separate-offense reality presented by offending against different body parts because separate offenses are not included offenses.

## V. Conclusion

Separate offenses are not included offenses. Appellant's two proposed lesser-included offenses were separate from the charged offense; he could have been prosecuted for all three. Consequently, he was not entitled to the lesser-included offense instructions he requested, and the trial court did not err to deny the request. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Delivered: September 29, 2021

Publish